UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

HAROLD VINCENT (#73128)                                    CIVIL ACTION

VERSUS

JAMES M. LeBLANC, SECRETARY, ET AL.                        NO. 10-0391-RET-CN

### NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in chambers in Baton Rouge, Louisiana, July 20, 2010.

MAGISTRATE JUDGE CHRISTINE NOLAND

**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**HAROLD VINCENT (#73128)**                                                    **CIVIL ACTION**

**VERSUS**

**JAMES M. LeBLANC, SECRETARY, ET AL.**                          **NO. 10-0391-RET-CN**

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

    This matter is before the Court on the Order to the plaintiff to pay, within twenty (20) days, the full amount of the Court's filing fee. Rec.doc.no. 3.

    On June 18, 2010, pursuant to the "three strikes" provision of 28 U.S.C. § 1915(g), this Court ordered the plaintiff to pay, within 20 days, the full amount of the Court's filing fee. Rec.doc.no. 3. The plaintiff was placed on notice that the failure to comply with the Court's Order in this regard "shall result in the dismissal of the plaintiff's action without further notice from the Court." Id.

    In accordance with 28 U.S.C. § 1915, all prisoners granted in forma pauperis status are required to pay the full amount of the Court's filing fee. This statute further provides that, with one exception, an inmate may make the required payment over time in incremental installments. However, such incremental payments are not allowed, and pauper status shall be denied, where the inmate has filed, on at least three prior occasions, actions or appeals which have been dismissed as baseless. Specifically:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

In the instant case, the plaintiff has, on three or more prior occasions while incarcerated, brought actions or appeals which have been dismissed as frivolous or for failure to state a claim.[1]  Accordingly, pursuant to Adepegba v. Hammons, 103 F.3d 383 (5th Cir. 1996), this Court entered an Order directing the plaintiff to pay the full amount of the Court's filing fee.  A review of the record by the Court now reflects that the plaintiff has failed to comply with the Court's Order in this regard.  Accordingly, the plaintiff's action should be dismissed for failure to pay the Court's filing fee.

## RECOMMENDATION

It is recommended that the plaintiff's Complaint be dismissed, without prejudice, for failure to pay the Court's filing fee.

Signed in chambers in Baton Rouge, Louisiana, July 20, 2010.

**MAGISTRATE JUDGE CHRISTINE NOLAND**

---

[1] Cases filed by the plaintiff which have been dismissed by the federal courts as frivolous, malicious, or for failure to state a claim include, but are not limited to, Harold J. Vincent v. Kenny Harrison, et al., Civil Action No. 91-0882 (W.D. La.), Harold J. Vincent v. William Waldo, et al., Civil Action No. 91-0883 (W.D. La.), Harold J. Vincent v. Richard L. Stalder, Civil Action No. 91-0884 (W.D. La.), Harold J. Vincent v. Richard L. Stalder, et al., Civil Action No. 91-1010 (W.D. La.), Harold J. Vincent v. Richard L. Stalder, et al., Civil Action No. 91-1460 (W.D. La.), and Harold J. Vincent v. Richard L. Stalder, et al., Civil Action No. 91-2006 (W.D. La.).